Amit Kumar KHOSLA;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–71018.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

Saad Ahmad, Fremont, CA, for Petitioners.

Amit Kumar Khosla, Pleasanton, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Song Park, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Amit Kumar Khosla and Heena Kaur Hundal ("petitioners"), both natives and citizens of India, seek review of a Board of Immigration Appeals' decision which adopted and affirmed the Immigration Judge's ("IJ") order denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition.

The IJ found that Khosla's description of his Sikh wedding ceremony was too "sketchy" and "cursory." In addition, the government introduced evidence of Sikh

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

wedding ceremonies that conflicted with Khosla's account of his ceremony. Because the IJ had reason to question Khosla's credibility, he relied on Khosla's failure to produce corroboration of the marriage, as well as Khosla's inability to credibly explain this failure, as a basis to find Khosla not credible. Because the IJ's finding regarding the wedding is supported, *see Singh–Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir.1999), and because a reasonable trier of fact would not be compelled to conclude that corroborating evidence of the petitioners' marriage was unavailable, *see* 8 U.S.C. § 1252(b)(4)(D), substantial evidence supports the IJ's adverse credibility determination, *see Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000). Accordingly, petitioners' asylum application fails.

Because petitioners failed to satisfy the lower standard of proof for asylum, it necessarily follows that they failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because petitioners did not raise the issue of CAT in their opening brief, they have waived this claim, and we decline to review it. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**